**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER KALIN, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CREDIT CONTROL, LLC, | |
| Defendants. | |

Plaintiff PETER KALIN ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant CREDIT CONTROL, LLC, the following:

### INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant CREDIT CONTROL, LLC ("Credit Control" or "Defendant") for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## III. PARTIES

6. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff Peter Kalin is a natural person residing in Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant Credit Control, LLC is a Missouri Limited Liability Company organized under the laws of the State of Missouri with its principle place of business located in Hazelwood, Missouri.

9. Based upon information and belief, Defendant is in the business of collecting debts in this state. Defendant's principal purpose is the collection of debts in this state, and Defendant attempts to collect debts alleged to be due another.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant, which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*
- The Class period begins one year to the filing of the original complaint.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed

- without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;
- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Credit Control collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16. Credit Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to February 16, 2016, Plaintiff allegedly incurred a financial obligation to Bank of America. ("B of A").

18. B of A is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. Sometime before February 16, 2016, B of A, either directly or through intermediate transactions, assigned, placed, or transferred the B of A obligation to Credit Control for collection.

20. At the time the B of A obligation was assigned, placed, or transferred to Credit Control, such obligation was in default.

21.     Credit Control caused to be delivered to Plaintiff a letter dated February 16, 2016 concerning the alleged B of A obligation, which sought collection of an account balance of $33,367.46.  A copy of said letter is attached as **Exhibit A**.

22.     The February 16, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     Upon receipt, Plaintiff read the February 6, 2016 letter.

24.     The alleged B of A obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

25.     The February 16, 2016 collection letter states:

> if the amount cancelled on this debt equals or exceeds $600, the IRS may require Bank of America to report the amount cancelled on a Form 1099-C. You will receive this form for the year in which the settlement is completed.
.

("IRS Reporting Language")

26.     Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of **principal** need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(emphasis added.)

27.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. .

28. The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C for any debt that is cancelled which equals or exceeds $600, irrespective of whether the amount discharged is interest or principal.

29. Although the Defendant had no duty to disclose any potential tax ramifications, when Defendant chooses to give tax disclosures, it must do so in a way that will not mislead the least sophisticated consumer as to his or her tax consequences.

30. If debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness, so long as the principal was less than $600.

31. The 1099-C language included in the collection letter is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of debt greater than $600, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations, even if only interest is discharged. .

32. Defendant's statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS forgiveness of debt in an amount greater than $600 in forgiveness, if the amount contained interest.

33. If the creditor wishes to legitimately give tax advice in a sincere manner, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

34. The creditor should also specify what amounts are principal and what part of it is interest, in the amount owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

35. The use of the 1099-C reporting language used by Defendant is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt, even if it is only interest. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations as long as the debt discharged is more than $600.

36. The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

37. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

38. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

39. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

40. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

41. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since

they frustrate the consumer's ability to intelligently choose his or her response.

46. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

50. ARS violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

51. ARS violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. ARS violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Pre-judgment interest;

(d) Post judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  February 16, 2017                                  Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300

*Attorney for Plaintiff on behalf of himself and all others similarly situated*


### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  February 16, 2017                    By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

EXHIBIT A

CREDIT

February 16, 2016

Peter J. Kalin

| | |
|---|---|
| Creditor: | Bank of America, N.A. |
| Account number: | ############2555 |
| Reference number: | |
| Account Balance: | $33,367.46 |

Dear Peter J. Kalin,

This is to confirm that we have been authorized by our client to accept $15,788.00 as settlement in full to the above referenced account. This offer expires 02/26/16. The payment must be received in our office no later than the date stated. Once this is paid and providing all funds clear, your account will be marked as settled. However, should you fail to meet the settlement agreement the offer is null and void.

Upon receipt of all required payments, your account will be considered settled and you will not be obligated to pay the remaining balance. The terms of this settlement are final, and we have no obligation to renegotiate them at a later date. You must make all required payments by their agreed upon due dates. Subject to applicable law, payments submitted as a result of this settlement are not eligible for refund at any time, except in rare instances, such as where the total of all payments made exceeds the total amount due under the terms of this settlement.
As a result of this settlement, if the amount cancelled on this debt equals or exceeds $600, the IRS may require Bank of America to report the amount cancelled on a Form 1099-C. You will receive this form for the year in which the settlement is completed. If you want advice about the potential tax consequences that may result from this settlement, Bank of America recommends that you consult a tax professional of your choosing. Bank of America does not make any representations about the tax consequences that this settlement may have for you or any reporting requirements that may be imposed on Bank of America.

Please keep this letter for your records.

Should you have any questions, please feel free to contact me at (866) 784-1160 ext. 3127.

Sincerely,

Benton
Collections Manager
SDB

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Credit Control, LLC
5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042   Voice: 314.442.7400   Fax: 314.442.7401   www.credit-control.com